IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MICHELE BARKEI, Individually and as Executor of the Estate of ROBERT BARKEI, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. _____ |
| DERRICK FINLEY, Individually and as an agent and/or employee of K & B TRANSPORTATION, Inc. an Iowa corporation, licensed to do business in Illinois; | ) ) ) ) ) | JURY DEMANDED |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, MICHELE BARKEI, individually and as Executor of the Estate of ROBERT BARKEI, deceased, by and through her attorneys, POWER ROGERS, LLP, complaining of Defendant DERRICK FINLEY, individually and as an agent and/or employee of K & B TRANSPORTATION, Inc. allege the following:

### INDEX

COUNT I – DERRICK FINLEY, WRONGFUL DEATH
COUNT II- DERRICK FINLEY, SURVIVAL ACTION
COUNT III – K & B TRANSPORTATION, INC., WRONGFUL DEATH
COUNT IV – K & B TRANSPORTATION, INC., SURVIVAL ACTION

### JURISDICTION

Jurisdiction lies pursuant to 28 U.S.C. 1332 - - Diversity of Citizenship.

1. At all relevant times, ROBERT BARKEI and MICHELE BARKEI were married and resided at 1591 Illinois Route 251, Steward, Lee County, Illinois 60553.

2. At all relevant times, defendant, DERRICK FINLEY resided at 326 Welch Boulevard, Flint, Michigan.

3. At all relevant times, K&B Transportation, Inc. was an Iowa corporation located at 4700 Dakota Avenue in South Sioux City North Dakota.

4. The damages sought herein are in excess of $75,000.00 exclusive of interests and costs.

5. The occurrence complained of herein occurred at the Barkei's private home address in Steward, Illinois within the Northern District of Illinois Western Division.

6. This court has jurisdiction pursuant to 28 USC Section 1332(a)(1)

## FACT COMMON TO ALL COUNTS

7. On November 19, 2018, Illinois Route 251 was a public interstate roadway generally running in a northbound/southbound direction, near the intersection with McGirr Road, In Lee County.

8. On November 19, 2018, DERRICK FINLEY was an over the road tractor-trailer driver.

9. On November 19, 2018, DERRICK FINLEY was an agent and/or employee of K & B TRANSPORTATION INC.

10. On November 19, 2018, DERRICK FINLEY was acting within the course of his agency, and/or employment relationship with K & B TRANSPORTATION INC.

11. On November 19, 2018, K & B TRANSPORTATION, INC., owned, leased, managed, maintained, operated, and/or controlled a 2013 Freightliner tractor (hereinafter "the tractor") with VIN 3AKJGLDV2DSBT7761.

12. On November 19, 2018, the aforesaid tractor was towing a 2013 Wabash Trailer (hereinafter "the trailer") with VIN 1JJV532B7DL703632.

/

13. On 19, 2018, the aforesaid tractor and trailer were operated, managed, controlled, and/or driven by DERRICK FINLEY, individually and as agent and/or employee of K & B Transportation, Inc.

14. On November 19, 2018, DERRICK FINLEY operated the aforesaid tractor-trailer, southbound on Illinois Route 251.

15. On November 19, 2018, DERRICK FINLEY, became lost and made a decision to turn-around in the private driveway of ROBERT BARKEI and MICHELE BARKEI.

16. On November 19, 2018, DERRICK FINLEY owed a duty of care to obey all applicable traffic laws and operate his tractor- trailer in a safe manner.

17. On November 19, 2018, a "No Trespassing" sign existed at the entry of the BARKEI's driveway at 1591 Illinois Route 251, Steward, Illinois.

18. On November 19, 2018, DERRICK FINLEY saw the "No Trespassing" sign prior to operating his tractor-trailer into the driveway located at 1591 Illinois Route 251, Steward, Illinois.

19. On November 19, 2018, at approximately 6:33 pm, DERRICK FINLEY operated the aforesaid tractor-trailer onto the private property of ROBERT & MICHELE BARKEI, to make a U-turn despite the presence of the "No Trespassing" sign.

20. On November 19, 2018, nothing prevented DERRICK FINLEY from continuing southbound on Route 251 until he reached a location in a public right of way to turn around.

21. On November 19, 2018, and as DERRICK FINLEY was leaving the private property of ROBERT BARKEI and MICHELE BARKEI, DERRICK FINLEY saw a pedestrian, ROBERT BARKEI, near the driver's side door of the aforesaid tractor.

22. On November 19, 2018, DERRICK FINLEY heard ROBERT BARKEI call out to him.

23. On November 19, 2018, DERRICK FINLEY, heard ROBERT BARKEI tap on the driver's side of the tractor.

24. On November 19, 2018, and after DERRICK FINLEY knew ROBERT BARKEI was near his tractor, DERRICK FINLEY, did not slow or stop his tractor-trailer before exiting the private property of ROBERT BARKEI and MICHELE BARKEI.

25. On or about November 19, 2018, DERRICK FINLEY operated his tractor trailer into ROBERT BARKEI as he left the BARKEI property.

26. On November 19, 2018 and after, DERRICK FINLEY knew that ROBERT BARKEI was near his tractor, DERRICK FINLEY did not look in his driver's side mirror as he left the private property.

27. On November 19, 2018, DERRICK FINLEY completed his U-turn and operated the tractor-trailer northbound on Illinois Route 251.

28. On 19, 2018, ROBERT BARKEI suffered serious personal injuries and death due to being struck by the tractor- trailer operated by DERRICK FINLEY.

29. The Federal Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 CFR §390.5.

30. The Federal Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used

4

upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 CFR §390.5.

31. The Federal Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 CFR §390.5.

32. On November 19, 2018, the Defendant DERRICK FINLEY, was a driver of the aforesaid tractor trailer and therefore an employee as defined by the Motor Carrier Safety Regulations.

33. On November 19, 2018, the Defendant K & B TRANSPORTATION, INC., owned the commercial motor vehicle in connection with defendant DERRICK FINLEY's employment, and was therefore a motor carrier as defined by the Motor Carrier Safety Regulations.

34. On November 19, 2018, Defendant K & B TRANSPORTATION, INC., as defined by the Motor Carrier Safety Regulations, was a motor carrier and therefore an employer of DERRICK FINLEY.

35. On November 19, 2018, the Federal Motor Carrier Safety Regulations mandate that motor carriers, which includes employers, require observance by its drivers of the duties and prohibitions otherwise prescribed for drivers in the Motor Carrier Safety Regulations. 49 CFR §390.11.

36. That as a motor carrier, Defendant K & B TRANSPORTATION, INC., had a duty to require observance by its drivers, such as Defendant DERRICK FINLEY, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 CFR §390.11.

37. That at said time and place, Defendant K & B TRANSPORTATION, INC., by and through its agent and/or employee, defendant DERRICK FINLEY, as a motor carrier, had a duty to exercise ordinary care to avoid operating its tractor-trailer into contact with ROBERT BARKEI.

## COUNT I
(Wrongful Death v. DERRICK FINLEY)

38. Plaintiff hereby incorporates the Facts Common to All Counts into Count I.

39. On or about November 19, 2018, and at all times material, Defendant, DERRICK FINLEY, individually, owed a duty to exercise a reasonable degree of care so as to avoid causing harm to the public, including Plaintiff's decedent, ROBERT BARKEI.

40. On or about November 19, 2018, and at all times material, Defendant, DERRICK FINLEY, individually was negligent in one or more of the following acts and/or omissions:

    a.    Operated the tractor-trailer in such a manner as to endanger the safety of the public, including ROBERT BARKEI, contrary to and in violation of 625 ILCS 5/11-601; or

    b.    Operated the tractor-trailer at an unreasonable speed considering the conditions of the roadway, in violation of 625 ILCS 6/11-601; or

    c.    Failed to decrease the tractor-trailer's speed as to avoid colliding with another vehicle or person, in violation of 625 ILCS 5/11-601(a) and I.C. 9-21-5-1; or

    d.    Failed to give audible warning with the tractor-trailer's horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601; or

    e.    Failed to apply brakes in a timely manner so as to bring the tractor-trailer to a safe stop in violation of 625 ILCS 5/12-301 and I.C. 9-21-5-4; or

    f.    Operated the tractor-trailer at an excessive rate of speed for the circumstances then existed contrary to and in violation of 625 ILCS 5/11-601, I.C. 9-21-5-1 and 49 CFR Section 392.14; or

    g.    Failed to pay proper attention while operating the tractor-trailer; or

    h.    Operated the tractor-trailer into the Barkei's private driveway despite seeing the "No Trespassing" sign; or

    i.    Failed to slow or stop his tractor-trailer when he knew there was a pedestrian adjacent to his tractor- trailer; or

    j.    Failed to scan/ check his side mirrors when he knew that there was a pedestrian at or near his tractor as he departed the Barkei's private driveway; or

    k.    Failed to maintain and operate his tractor-trailer properly contrary to and in violation of 49 CFR Section 390.11.

41. On or about November 19, 2018, and at all times material, as a direct and proximate result of the negligence of Defendant, DERRICK FINLEY, ROBERT BARKEI, was killed.

42. As a direct and proximate result of the actions and/or omissions of the defendant, DERRICK FINLEY, ROBERT BARKEI died, leaving his surviving heirs, Michele Barkei, Brandon Barkei, and Kelsey Koch.

43. On December 19, 2018, MICHELE BARKEI was appointed Executor of the Estate of ROBERT BARKEI, deceased, by the Circuit Court of Lee County, Probate Division.

44. MICHELE BARKEI, individually and as Executor of the Estate of ROBERT BARKEI, deceased, bring this cause of action on behalf of the Estate of the Decedent, ROBERT BARKEI, pursuant to 740 ILCS 180/1, otherwise known as the Wrongful Death Act.

WHEREFORE, Plaintiff, individually and as executor of the estate of ROBERT BARKEI, deceased, by and through his attorneys, POWER ROGERS, LLP, demands judgment

be entered against DERRICK FINLEY, individually, in a fair and just amount, in an excess of Fifty Thousand Dollars ($50,000.00).

## COUNT II
(Survival Action v. DERRICK FINLEY)

45. Plaintiff hereby incorporates the Facts Common to All Counts into Count II.

46. On or about November 19, 2018, and at all times material, Defendant, DERRICK FINLEY, individually, owed a duty to exercise a reasonable degree of care so as to avoid causing harm to the public, including Plaintiff's decedent, ROBERT BARKEI.

47. On or about November 19, 2018, and at all times material, Defendant, DERRICK FINLEY, individually was negligent in one or more of the following acts and/or omissions:

   a. Operated the tractor-trailer in such a manner as to endanger the safety of the public, including ROBERT BARKEI, contrary to and in violation of 625 ILCS 5/11-601; or

   b. Operated the tractor-trailer at an unreasonable speed considering the conditions of the roadway, in violation of 625 ILCS 6/11-601; or

   c. Failed to decrease the tractor-trailer's speed as to avoid colliding with another vehicle or person, in violation of 625 ILCS 5/11-601(a) and I.C. 9-21-5-1; or

   d. Failed to give audible warning with the tractor-trailer's horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601; or

   e. Failed to apply brakes in a timely manner as to bring the tractor-trailer to a safe stop in violation of 625 ILCS 5/12-301 and I.C. 9-21-5-4; or

   f. Operated the tractor-trailer at an excess rate of speed for the circumstances then existed contrary to and in violation of 625 ILCS 5/11-601, I.C. 9-21-5-1 and 49 CFR Section 392.14; or

   g. Failing to pay proper attention while operating the tractor-trailer; or

   h. Operated the tractor-trailer outside the lanes of traffic, on the shoulder, in violation of 626 ILCS 5/11-709.1; or

    i.    Failed to slow or stop his tractor-trailer when he knew there was a pedestrian adjacent to his tractor- trailer; or

    j.    Failed to scan/ check his side mirrors when he knew that there was a pedestrian at or near his tractor as he departed the Barkei's private driveway; or

    k.    Failed to maintain and operate his tractor-trailer properly contrary to and in violation of 49 CFR Section 390.11.

48. On or about November 19, 2018, and at all times material, as a direct and proximate result of the negligence of Defendant, DERRICK FINLEY, ROBERT BARKEI, suffered conscious pain and suffering prior to his death.

49. On December 19, 2018, MICHELE BARKEI was appointed Executor of the Estate of ROBERT BARKEI, deceased, by the Circuit Court of Lee County, Probate Division.

50. Plaintiff's decedent, ROBERT BARKEI, had a cause of action for pain, suffering, disability, and disfigurement for the period of time from Defendants' first act of negligence until his death. This case of action survived plaintiff's decedent, ROBERT BARKEI's death and accrued to the plaintiff, MICHELE BARKEI, as Executor of the Estate of ROBERT BARKEI pursuant to 155 ILCS 5/27-6 commonly referred to as the Illinois Survival Statute.

WHEREFORE, Plaintiff, MICHELE BARKEI, individually and as executor of the estate of ROBERT BARKEI, deceased, demands judgment be entered against Defendant, DERRICK FINLEY, individually, in a fair and just amount, in an excess of Fifty Thousand Dollars ($50,000.00).

## COUNT III
(Wrongful Death v. K & B TRANSPORTATION, INC.)

51. Plaintiff hereby incorporates the Facts Common to All Counts into Count III.

9

52. On or about November 19, 2018, and at all times material, Defendant, K&B TRANSPORATION, INC. acted by and through its agent, DERRICK FINLEY, and owed a duty to exercise a reasonable degree of care so as to avoid causing harm to the public, including Plaintiff, ROBERT BARKEI.

53. On or about November 19, 2018, and at all times material, Defendant, K&B TRANSPORTATION, INC., was negligent by and through the acts and omissions of its agent and/or employee, DERRICK FINLEY, in one or more of the following respects:

    a. Operated the tractor-trailer in such a manner as to endanger the safety of the public, including ROBERT BARKEI, contrary to and in violation of 625 ILCS 5/11-601; or

    b. Operated the tractor-trailer at an unreasonable speed considering the conditions of the roadway, in violation of 625 ILCS 6/11-601; or

    c. Failed to decrease the tractor-trailer's speed as to avoid colliding with another vehicle or person, in violation of 625 ILCS 5/11-601(a); or

    d. Failed to give audible warning with the tractor-trailer's horn when such warning was reasonably necessary to ensure safety in violation of 625 ILCS 5/12-601; or

    e. Failing to pay proper attention while operating the tractor-trailer; or

    f. Operated the tractor trailer into the Barkei's private driveway despite seeing the "No Trespassing" sign; or

    n. Failed to slow or stop his tractor trailer when he knew there was a pedestrian at or immediately adjacent to his tractor- trailer; or

    o. Failed to scan/ check his side mirrors when he knew that there was a pedestrian at or near his tractor as he departed the Barkei's private driveway; or

    p. Failed to provide supervision and oversight of its agent, DERRICK FINLEY, with respect to the operation and use of the truck in violation of 49 CFR 390.11 adopted by reference in I.C. 8-2.1-24-18(a) and 625 ILCS 5/18a-105.

54. On or about November 19, 2018, and at all times material, as a direct and proximate result of the negligence of Defendant, DERRICK FINLEY, ROBERT BARKEI, was killed.

55. As a direct and proximate result of the actions and/or omissions of the defendant, DERRICK FINLEY, ROBERT BARKEI died, leaving his surviving heirs, Michele Barkei, Brandon Barkei, and Kelsey Koch.

56. On December 19, 2018, MICHELE BARKEI was appointed Executor of the Estate of ROBERT BARKEI, deceased, by the Circuit Court of Lee County, Probate Division.

57. MICHELE BARKEI, individually and as Executor of the Estate of ROBERT BARKEI, deceased, bring this cause of action on behalf of the Estate of the Decedent, ROBERT BARKEI, pursuant to 740 ILCS 180/1, otherwise known as the Wrongful Death Act.

WHEREFORE, Plaintiff, individually and as executor of the estate of ROBERT BARKEI, deceased, by and through his attorneys, POWER ROGERS, LLP, demands judgment be entered against K&B TRANSPORTATION, INC., individually, in a fair and just amount, in an excess of Fifty Thousand Dollars ($50,000.00).

### COUNT IV
(Survival Action v. K & B TRANSPORTATION, INC.)

58. Plaintiff hereby incorporates the Facts Common to All Counts into Count IV.

59. On or about November 19, 2018, and at all times material, Defendant, K&B TRANSPORTATION, INC. acted by and through its agent, DERRICK FINLEY, and owed a duty to exercise a reasonable degree of care so as to avoid causing harm to the public, including Plaintiff, ROBERT BARKEI.

60. On or about November 19, 2018, and at all times material, Defendant, K&B TRANSPORTATION, INC., was negligent by and through the acts and omissions of tis agents and/or employee, DERRICK FINLEY, in one or more of the following respects:

 a. Operated the tractor-trailer in such a manner as to endanger the safety of the public, including ROBERT BARKEI, contrary to and in violation of 625 ILCS 5/11-601; or

 b. Operated the tractor-trailer at an unreasonable speed considering the conditions of the roadway, in violation of 625 ILCS 6/11-601; or

 c. Failed to decrease the tractor-trailer's speed as to avoid colliding with another vehicle or person, in violation of 625 ILCS 5/11-601(a); or

 d. Failed to give audible warning with the tractor-trailer's horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601; or

 e. Failing to pay proper attention while operating the tractor-trailer; or

 f. Operating the tractor-trailer outside the lanes of traffic, on the shoulder, in violation of 626 ILCS 5/11-709.1; or

 n. Failed to slow or stop his tractor- trailer when he knew there was a pedestrian at or immediately adjacent to his tractor- trailer; or

 o. Failed to scan/ check his side mirrors when he knew that there was a pedestrian at or near his tractor as he departed the Barkei's private driveway; or

 p. Failed to provide supervision and oversight of its agent, DERRICK FINLEY, with respect to the operation and sue of the truck in violation of 49 CFR 390.11 adopted by reference in I.C. 8.2.1-24-18(a) and 625 ILCS 5/18a-105.

61. On or about November 19, 2018, and at all times material, as a direct and proximate result of the negligence of Defendant, DERRICK FINLEY, ROBERT BARKEI, suffered conscious pain and suffering prior to his death.

62. On December 19, 2018, MICHELE BARKEI was appointed Executor of the Estate of ROBERT BARKEI, deceased, by the Circuit Court of Lee County, Probate Division.

63. Plaintiff's decedent, ROBERT BARKEI, had a cause of action for pain, suffering, disability, and disfigurement for the period of time from Defendants' first act of negligence until his death. This case of action survived plaintiff's decedent, ROBERT BARKEI's death and accrued to the plaintiff, MICHELE BARKEI, as Executor of the Estate of ROBERT BARKEI pursuant to 155 ILCS 5/27-6 commonly referred to as the Illinois Survival Statute.

WHEREFORE, Plaintiff, MICHELE BARKEI, individually and as executor of the estate of ROBERT BARKEI, deceased, demands judgment be entered against Defendant, K&B TRANSPORTATION, INC., individually, in a fair and just amount, in an excess of Fifty Thousand Dollars ($50,000.00).

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Respectfully Submitted,

_____
Counsel for Plaintiff - #6215812

Devon C. Bruce
Power Rogers, LLP
70 West Madison, #5500
Chicago, IL 60602
Tel: 312/236-9381
dbruce@prslaw.com